**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **VINCENT STEWART** | ✶ | **CIVIL ACTION** |
| **VERSUS** | ✶ | **NO: 05-2144** |
| **BURL CAIN, WARDEN** | ✶ | **SECTION: "F"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

For the following reasons, the undersigned magistrate judge hereby recommends that the petition for federal habeas corpus relief filed by Vincent Stewart be **DENIED WITH PREJUDICE.**

**PROCEDURAL HISTORY**[1]

On June 10, 1999, petitioner, Vincent Stewart, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged, via a bill of information, with two counts of possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A). At the arraignment, Stewart pled not guilty. On February 15, 2001, the State amended the bill of information to reflect that Stewart would be charged with two counts of simple possession of cocaine, in violation of LSA-R.S. 40:967(C). On that same date, Stewart withdrew his pleas of not guilty and, after being advised of his rights, pled guilty to the amended charges.

As part of the plea agreement, Stewart was to be sentenced to five years imprisonment at hard labor on each count, to run concurrently, and the State waived its right to multiple bill him. However, rather than receiving his sentence on the date he entered into the plea agreement, Stewart requested a continuance, which the trial court granted, but warned that the plea agreement was contingent upon Stewart appearing in court for sentencing on March 19, 2001. In response to questions by the trial judge, Stewart indicated that he understood the consequences of failing to appear. On March 19, 2001, however, Stewart failed to appear in court for his sentencing and an attachment was issued for his

---

[1] The procedural history is taken from the following Louisiana Fifth Circuit Court of Appeal decisions, *State v. Stewart*, 836 So.2d 268, 269-70 (La. App. 5 Cir. 2002), and *State v. Stewart*, 862 So.2d 1271, 1273-74 (La. App. 5 Cir. 2003), along with this court's review of the State record.

arrest.

On March 23, 2001, the State filed a multiple offender bill of information charging Stewart as a second felony offender. On January 7, 2002, Stewart appeared in court. The trial court informed Stewart that since he did not appear in court on March 19, 2001, as required, the court would not sentence him in accordance with the original plea agreement. The trial court subsequently sentenced him to imprisonment at hard labor for five years on each count, with the sentences to run consecutively. On that same date, Stewart orally objected to the excessiveness of the sentences and denied the allegations of the multiple offender bill of information.

On January 17, 2002, at the commencement of the multiple offender hearing, defense counsel objected to the proceeding, arguing that the State could not bring a multiple offender proceeding against Stewart since the plea agreement provided that Stewart would not be multiple billed. The trial court, however, disagreed, overruling defense counsel's objection.

Following the above ruling, Stewart reserved his right to challenge his multiple offender adjudication on appeal, and thereafter, admitted the allegations of the multiple offender bill of information and initialed and signed a waiver of rights-plea of guilty multiple offender-La. R.S. 15:529.1 form. The trial court then vacated the sentence on count one and sentenced Stewart to imprisonment at hard labor for seven years, to run consecutively with the five year sentence on count two. The trial court also ordered the sentences to run

concurrently with any sentence Stewart would have to serve for violating his parole.

Stewart's initial appeal to the Louisiana Fifth Circuit Court of Appeal was dismissed and the matter was remanded to the district court for a ruling on Stewart's pending motion to withdraw his guilty plea. *See State v. Stewart*, 836 So.2d 268 (La. App. 5 Cir. 2002). On remand, the district court denied Stewart's motion to withdraw his guilty plea. Thereafter, Stewart lodged a second appeal with the Louisiana Fifth Circuit Court of Appeal. On December 30, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed Stewart's convictions and sentences. *See State v. Stewart*, 862 So.2d 1271 (La. App. 5 Cir. 2003). Stewart did not file a writ application with the Louisiana Supreme Court in connection with the state appellate court's December, 2003 adverse decision.

Following the conclusion of his direct appeal proceedings, Stewart filed a series of post-conviction pleadings in the state court system. His efforts in this regard culminated on April 22, 2005, when the Louisiana Supreme Court issued two decisions denying Stewart relief. *See State ex rel. Stewart v. State*, 899 So.2d 560 (La. 2005), and *State ex rel. Stewart v. State*, 899 So.2d 568 (La. 2005).

Stewart signed and filed the instant action for federal habeas relief on May 10, 2005, raising as his sole claim for relief that he received ineffective assistance of counsel based upon counsel's failure to obtain a hearing and a ruling on his motion to suppress evidence. In its response (rec. doc. #5), the State concedes that the instant petition is timely, but contests whether or not Stewart, with respect to certain arguments in support of his sole

claim for relief, has exhausted his state court remedies, as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). However, under the provisions of 28 U.S.C. § 2254(b)(2), a court has the option, notwithstanding a habeas petitioner's failure to exhaust his state court remedies, to deny relief on alternative grounds. Accordingly, this court declines to dismiss the instant action without prejudice for failure to exhaust.[2]

## **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law where there has been an adjudication on the merits in State court proceedings.

State court determinations of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference unless they were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The United States Supreme Court has advised that:

> Under the "contrary to" clause, a federal habeas corpus court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than

---

[2] The court notes that the State, despite its contention that petitioner failed to exhaust his state court remedies, has nevertheless addressed the merits of petitioner's claim.

> this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 1056, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Hill*, 210 F.3d at 485. Questions of fact found by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it `was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485, *quoting* 28 U.S.C.§ 2254(d)(2).

## ANALYSIS

### Ineffective Assistance of Counsel

The seminal Supreme Court decision regarding ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), wherein the Court held that in order to prove that counsel was ineffective, petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong.

Under the deficient performance prong of the *Strickland* test, "it is necessary to 'judge...counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122

L.Ed. 2d 180 (1993), *citing Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. To prove prejudice under the *Strickland* standard, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Stewart claims that defense counsel was unconstitutionally ineffective due to his failure to obtain a hearing and ruling on a motion to suppress evidence prior to advising Stewart to plead guilty. However, Stewart, by virtue of his guilty plea, "waive[d] all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993) (citations omitted). As the Supreme Court explained in *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Further, Stewart's claim of ineffective assistance of counsel due to counsel's failure to pursue a motion to suppress was squarely addressed and rejected on post-conviction review by the state district court. Specifically, the state court determined that counsel's action constituted "trial tactics", and as such, failed to satisfy *Strickland's* two-prong test.[3]

---

[3] A copy of the state district court's decision is contained in the State rec., vol. 1 of 6, tab 2.

This court does not find the state court's determination in this regard to constitute an unreasonable application of *Strickland*. *See Williams*, *supra*.[4]

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant habeas corpus petition be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

---

[4]The court further notes that the motion to suppress, which defense counsel allegedly should have pursued, was based upon Stewart's claim that the investigatory stop and subsequent seizure of evidence which led to his arrest and convictions was in violation of the Fourth Amendment of the United States Constitution. The Supreme Court, via its decision in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), "virtually eliminated review of Fourth Amendment issues in federal habeas when a defendant had an opportunity for a full and fair consideration of those claims in the state courts." *Babb v. Johnson*, 61 F.Supp.2d 604, 607 (S.D. Tx. 1999). Stewart, like the petitioner in *Babb*, *supra*, had the opportunity to raise his Fourth Amendment claim in the state courts. As the state district court noted in its March 3, 2004 Order, a copy of which is contained in the State rec., vol. 1 of 6, tab 2, defense counsel filed, on March 1, 2000, a motion to suppress on behalf of Stewart.

79 F.3d 1415, 1430 (5th Cir. 1996).

          New Orleans, Louisiana, this __17th__ day of _____November_____, 2006.

                                                      LOUIS MOORE, JR.
                                                 United States Magistrate Judge